## CHASE v. PARKER *et al.*

1. ORDER OF LIENS: SURPLUS. J. V. P. made a trust deed, conveying certain premises to J., in January, 1854; and in May, 1857, made another trust deed, conveying the same premises to one W.; and in January, 1859, C. recovered against J. V. P. certain judgments, after which J. V. P. quit-claimed the premises to L. A. P., who entered into possession. In November, 1859, the second trust deed was transferred to C., and in May, 1860, the

trustee sold the premises, according to the terms of the deed, to L. A. P.,. and conveyed to her all the right, title and interest of the said J. V. P., in and to said estate. In November, 1860, the premises were sold under the first trust deed, and after satisfying the debt due to J., four hundred dollars remained in the hands of the trustee. C. caused executions to be issued on his judgment recovered in January, 1859, and levied the same by the garnishment of the trustee, upon the balance remaining in his hands. It was held:

    1. That the title of L. A. P., after the foreclosure of the second deed of trust, related back to the date of the execution thereof, and that after such sale, the judgment in favor of C. was not a lien thereon.

    2. That L. A. P. was entitled to the surplus remaining, and that it could not be applied to the satisfaction of said judgments.

*Appeal from Clinton District Court.*

FRIDAY, DECEMBER 5.

IN January, 1854, James V. Parker and wife made a trust deed to Jacoby, to secure $400 due in four years. In May, 1857, they made another trust deed, covering the same premises, to one Williams, to secure about $350 to Harmon S. Wilcox, due in eighteen months. On the 10th of January, 1859, Chase recovered, in the District Court of Clinton County, three several judgments against the said J. V. Parker and wife. October 17, 1859, J. V. P. sold, by quit-claim, the land thus incumbered, to L. A. Parker, who at once entered into possession of the same. The note secured by the second trust deed was transferred to Chase, in November, 1859, and in May, 1860, Williams, the trustee, according to the terms of the deed, sold the premises to L. A. Parker, for $235, the amount remaining unpaid, and then made her a deed conveying all the estate, right, title and interest of the said J. V. Parker and wife, in and to said real estate. The money arising from this sale was paid to Chase. On the 7th of December, 1859, L. A. P. agreed with Jacoby, that any sale, under his deed, might be by written notice posted at the court house, instead of printed, as specified originally. On the 9th of

November, 1860, the premises were sold under the first trust deed, by posting written notices, for the sum of $1,000, to one Boardman, which, after satisfying the Jacoby debt and all cost, left about $400 in the hands of Fletcher, the trustee conducting the sale. On the same day, Chase procured an execution upon one of the judgments rendered in January, 1859, and garnished Fletcher. The garnishee answered, and L. A. Parker was allowed to show cause why the money was not liable to the levy. The above facts appear from her answer, to which there was a demurrer by Chase. This was overruled, the court holding that Parker's right to the surplus arising from the sale under the first deed of trust, was paramount to that of Chase. Plaintiff appeals.

*C. Rich* for appellant.

*A. R. Cotton* for appellee.

WRIGHT, J.— No point is made as to the method of raising the questions here involved. Under the demurrer, the court below held, that Chase was not entitled to the money in the hands of the trustee (Fletcher), but that the claim of Parker (the vendee and purchaser under the second trust deed) was superior. And this ruling, we think, was correct.

It will be observed that the appellee does not rest her claim alone upon her purchase from J. V. Parker. If she did, then, as the judgment of appellant was a lien upon the premises covered by the trust deeds, prior to her purchase, it would, in equity, attach to the surplus, and the levy thereon would give a priority or paramount lien to any claim of appellee. By such purchase, she stood in no better position than her vendee. If the property had remained in his hands, the surplus would be liable to appellant's levy. And appellee, by her deed from the debtor, took the pro-

perty subject to the same liabilities. The trust deed to Wilcox, however, was a prior lien to appellant's judgments. And when appellee purchased under that, she took the property divested of such judgment liens, and subject only to the trust deed to Jacoby. It is true, that but for the intervening deed to Williams, for the benefit of Wilcox, and the rights arising from the sale thereunder, the judgment lien would have been continued against the surplus in the hands of the trustee, and could, in equity, have been enforced. But by her purchase under such second trust deed, the appellee took the land divested of any lien arising from the judgment, for this was a lien upon the right of redemption, and nothing more, and as this lien was extinguished by the sale, the judgment creditor could claim nothing from a sale made under a prior mortgage or trust deed.

The inquiry is, does this money belong to J. V. Parker, the judgment debtor of Chase, and does the garnishee hold it as his money, or does it belong to L. A. Parker, who indisputably had the whole title to the land, subject to the Jacoby trust deed. This money is the representative of the land, or of the right of the grantor to redeem the same. And suppose one-half or three-fourths of the land had been sold to satisfy the first lien, would there be any doubt but that appellee would take the other half or fourth, freed from the lien of appellant's judgment? If so, is not her right equally clear to the remaining proceeds, which represent such land?

Affirmed.